**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ELI LILLY AND COMPANY and ICOS CORPORATION, </br></br> Plaintiffs, </br></br> v. </br></br> APOTEX, INC. and APOTEX CORP. </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.  3:16cv941 |

## COMPLAINT

Plaintiffs Eli Lilly and Company ("Lilly") and ICOS Corporation ("ICOS") (collectively "Plaintiffs") file this Complaint for patent infringement against Apotex Corp. and Apotex, Inc. (collectively "Apotex" or "Defendant") under 35 U.S.C. § 271(e)(2) for infringement of U.S. Patent No. 6,943,166 ("the '166 patent").

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Apotex.  This action relates to Abbreviated New Drug Application No. 204098 ("tadalafil ANDA") submitted by Apotex to the U.S. Food and Drug Administration ("FDA") for approval to market a generic version of Lilly's Cialis® (tadalafil) tablets ("proposed tadalafil ANDA product") prior to the expiration of the '166 patent.  Apotex's tadalafil ANDA includes a "Paragraph IV certification" asserting that the '166 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's proposed tadalafil ANDA product, which constitutes an act of infringement under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(e)(2).

Case 1:17-cv-00015-AJT-MSN Document 1 Filed 11/30/16 Page 2 of 13 PageID# 2

## THE PARTIES

2. Lilly is an Indiana Corporation that has its corporate offices and principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285. Lilly is engaged in the business of research, development, manufacture, and sale of pharmaceutical products throughout the world.

3. ICOS is a Delaware corporation having its corporate office at Lilly Corporate Center, Indianapolis, Indiana 46825. ICOS is a wholly owned subsidiary of Lilly.

4. On information and belief, Apotex, Inc. is a Canadian corporation and has its principle place of business at 150 Signet Drive, Toronto, Ontario, Canada.

5. Upon information and belief, Defendant Apotex Inc. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its agent Apotex Corp.

6. On information and belief, Apotex Corp. is a corporation organized under the laws of the State of Delaware and has its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

7. Upon information and belief, Defendant Apotex Corp. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as an agent of Apotex Inc.

## JURISDICTION AND VENUE

8. Each of the preceding paragraphs 1 to 7 is re-alleged and re-incorporated as if fully set forth herein.

-2-

Case 1:17-cv-00015-AJT-MSN Document 1 Filed 11/30/16 Page 3 of 13 PageID# 3

9. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

11. On information and belief, Apotex, Inc. and Apotex Corp. collaborate to develop, manufacture, import, market, and distribute, and/or sell pharmaceutical products, including generic drug products manufactured and sold pursuant to the tadalafil ANDA, throughout the United States and the Eastern District of Virginia.

12. On information and belief, Apotex, Inc. and Apotex Corp. hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products.

13. On information and belief, Apotex, Inc. and Apotex Corp. work in concert with each other with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products in the Eastern District of Virginia and throughout the United States.

14. Apotex, Inc. is subject to personal jurisdiction in this District due, among other things, to its substantial, systematic, purposeful, and continuous contact in this District. On information and belief, Apotex, Inc., directly or through its affiliate Apotex Corp., manufactures, markets, imports, and sells generic drugs for distribution in the Eastern District of Virginia and throughout the United States. On information and belief, Apotex, Inc. purposefully has conducted and continues to conduct business, directly or through its affiliate Apotex Corp., in the Eastern District of Virginia, and this Judicial District is a destination for Apotex, Inc.'s generic products.

-3-

15. Apotex Corp. is subject to personal jurisdiction in this District due, among other things, to its substantial, systematic, purposeful, and continuous contact in this District. On information and belief, Apotex Corp., directly or through its affiliate Apotex, Inc., manufactures, markets, imports, and sells generic drugs for distribution in the Eastern District of Virginia and throughout the United States. On information and belief, Apotex Corp. purposefully has conducted and continues to conduct business, directly or through its affiliate Apotex, Inc., in the Eastern District of Virginia, and this Judicial District is a destination for Apotex Corp.'s generic products.

16. Apotex's website states "As the largest pharmaceutical company in Canada, we serve our customers and partners in the U.S. market as well as in 115 countries globally." *See* http://www.apotex.com/us/en/about/default.asp (accessed November 28, 2016).

17. Since at least 2000, Apotex has maintained an active license with the Virginia Department of Health Professions as a "Non-Resident Wholesale Distributor," which permits Apotex to directly distribute prescription drugs to pharmacies, physicians, and other retail entities throughout the Commonwealth of Virginia. On information and belief, pursuant to the Non-Resident Wholesale Distributer license, Apotex distributes prescription drugs in this District.

18. Apotex is a pharmaceutical vendor for the Minnesota Multistate Contracting Alliance for Pharmacy (MMCAP) which sells pharmaceuticals in the Eastern District of Virginia and in a number of states.

19. Apotex solicits customers in the Eastern District of Virginia using its website. Through Apotex's website, customers and potential customers throughout the United States, including in the Eastern District of Virginia can, among other things: (1) search and download

prescribing information for Apotex's full product line; (2) sign up to receive alerts when Apotex generic products become available; and (3) view and download patient materials and health information.

20. Apotex consented to personal jurisdiction in the Eastern District of Virginia in another action. *GD Searle LLC v. Lupin Pharmaceuticals,* Inc., 2:13-cv-00121 (E.D. Va. 2014).

21. Apotex has also previously availed itself of the benefits of the Eastern District of Virginia Courts by filing suit in this jurisdiction, including, at least, suing Novartis in this court. *Apotex, Inc. v. Novartis AG et al.*, 3:06-cv-698 (E.D. Va. 2007).

22. Apotex is subject to specific jurisdiction in this District based on the filing of its tadalafil ANDA with a Paragraph IV certification regarding the '166 patent. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755 (Fed. Cir. 2016).

23. As in *Acorda,* Apotex "has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at," on information and belief, this District and elsewhere. *Acorda Therapeutics*, 817 F.3d at 759.

24. Apotex's "ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs." *Acorda Therapeutics*, 817 F.3d at 760.

25. As in *Acorda*, on information and belief Apotex "intends to direct sales of its drugs into [Virginia], among other places, once it has the requested FDA approval to market them." *Acorda Therapeutics*, 817 F.3d at 758.

26. On information and belief, Apotex will engage in marketing of its proposed tadalafil ANDA product in Virginia, including the Eastern District of Virginia, upon approval of its tadalafil ANDA.

27. Apotex's ANDA filing, including its Paragraph IV certifications regarding the '166 patent at issue here, is suit-related and has a substantial connection with this District because it reliably, non-speculatively predicts activities in this District by Apotex.

28. "[T]he minimum-contacts standard is satisfied by the particular actions [Apotex] has already taken—its ANDA filing[]—for the purpose of engaging in that injury-causing and allegedly wrongful marketing conduct in" this District. *Acorda Therapeutics*, 817 F.3d at 760.

29. Exercising personal jurisdiction over Apotex in this District would not be unreasonable given Apotex's contacts in this District, and the interest in this District of resolving disputes related to products to be sold herein.

## PATENT-IN-SUIT

30. On September 13, 2005, the U.S. Patent and Trademark Office duly and legally issued the '166 patent entitled "Compositions Comprising Phosphodiesterase Inhibitors for the Treatment of Sexual Dysfunction." A true and correct copy of the '166 patent is attached hereto as Exhibit A. The claims of the '166 patent are valid and enforceable. At the time of its issue, the '166 patent was assigned to Lilly ICOS, LLC and it was subsequently assigned to ICOS which currently holds title.

31. Lilly is the holder of NDA No. 021368 by which FDA granted approval for the marketing and selling of tadalafil tablets in 2.5 mg, 5 mg, 10 mg, and 20 mg dosage strengths for the treatment of erectile dysfunction. Lilly markets tadalafil tablets in the United States under the name "Cialis®" in 2.5 mg, 5 mg, 10 mg, and 20 mg dosage strengths. The '166 patent is one of the patents listed in the FDA publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the Orange Book) as covering the approved indications for Cialis®.

32. Plaintiffs are currently litigating infringement actions in this District against nine other generic drug companies that have sought FDA approval to market and sell generic versions of Cialis®. Plaintiffs would therefore be substantially burdened if forced to pursue parallel litigation in different districts.

## INFRINGEMENT BY DEFENDANT

33. Each of the preceding paragraphs 1 to 32 is re-alleged and re-incorporated as if fully set forth herein.

34. In a letter dated November 22, 2016 ("the Notice Letter"), Apotex notified ICOS and Lilly that Apotex had submitted its tadalafil ANDA to FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) to obtain approval to engage in the commercial manufacture, use or sale of its proposed tadalafil ANDA product in 2.5 mg, 5 mg, 10 mg, and 20 mg strengths.

35. The Complaint is being filed before the expiration of forty-five days from the date Lilly received the Notice Letter.

36. The Notice Letter states that Apotex is seeking approval from FDA to engage in the commercial manufacture, use, and sale of its proposed tadalafil ANDA product before the expiration of the '166 patent. On information and belief, Apotex intends to engage in the commercial manufacture, use, and sale of its generic tadalafil tablets after receiving FDA approval to do so.

37. In the Notice Letter, Apotex notified Lilly that its ANDA contained a Paragraph IV certification asserting that the '166 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's proposed tadalafil ANDA product.

38. Pursuant to 21 U.S.C. 355(j)(2)(B)(ii), any notice letter containing a Paragraph IV certification must contain a "detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, is unenforceable, or will not be infringed." In Defendant's Notice Letter, Apotex does not deny that the commercial manufacture, use, offer to sell, or sale of its proposed tadalafil ANDA product will induce infringement of claims 1-2, 4-12, if these claims are found valid.

39. Claim 1 of the '166 patent recites "a method of treating sexual dysfunction in a patient in need thereof comprising orally administering one or more unit dose containing about 1 to about 20 mg, up to a maximum total dose of 20 mg per day, of a compound having the structure [that is tadalafil]." Exhibit A, cols. 14-15, line 65-line 15.

40. In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will be an oral tablet and that it will contain tadalafil as an active ingredient in 2.5 mg, 5 mg, 10 mg, and 20 mg dosage strengths.

41. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be marketed to treat "sexual dysfunction in a patient in need thereof comprising orally administering one or more unit dose containing about 1 to about 20 mg, up to a maximum total dose of 20 mg per day, of [tadalafil]," consistent with the FDA approved label for Cialis® which states that it is indicated for the treatment of male erectile dysfunction (ED).

42. On information and belief, Apotex will market its proposed tadalafil ANDA product to treat "sexual dysfunction in a patient in need thereof comprising orally administering one or more unit dose containing about 1 to about 20 mg, up to a maximum total dose of 20 mg per day, of [tadalafil]," consistent with the FDA approved label for Cialis®.

43. Claim 2 of the '166 patent recites "[t]he method of claim 1 wherein the sexual dysfunction is male erectile dysfunction." Exhibit A, col. 15, lines 16-17.

44. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be marketed to treat "male erectile dysfunction," consistent with the FDA approved label for Cialis® which states that it is indicated for the treatment of male erectile dysfunction (ED).

45. On information and belief, Apotex will market its proposed tadalafil ANDA product to treat male erectile sexual dysfunction, consistent with the FDA approved label for Cialis®.

46. Claim 4 recites "[t]he method of claim 1 wherein the unit dose contains about 2 to about 20 mg of the compound." Exhibit A, col. 15, lines 20-21. In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will contain tadalafil as an active ingredient in 2.5 mg, 5 mg, 10 mg, and 20 mg dosage strengths.

47. Claim 5 recites "[t]he method of claim 1 wherein the unit dose contains about 5 mg of the compound. Exhibit A, col. 16, lines 3-4. In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will contain tadalafil as an active ingredient in a 5 mg dosage strength, among others.

48. Claim 6 recites "[t]he method of claim 1 wherein the unit dose contains about 10 mg of the compound and is administered once per day." Exhibit A, col. 16, lines 5-7.

49. In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will contain tadalafil as an active ingredient in a 10 mg dosage strength, among others.

50. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be marketed to be "administered once per day," consistent with the FDA approved label for Cialis®.

51. On information and belief, Apotex will market its proposed tadalafil ANDA product for once daily use, consistent with the FDA approved label for Cialis®.

52. Claim 7 recites "[t]he method of claim 1 wherein the unit dose is in a form selected from the group consisting of a liquid, a tablet, a capsule, and a gelcap."  Exhibit A, col. 16, lines 8-9.  In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product is a tablet product.

53.  Claim 8 recites "the method of claim 1 wherein the unit dose contains about 2.5 mg of the compound."  Exhibit A, col. 16, lines 11-12.  In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will contain tadalafil as an active ingredient in a 2.5 mg dosage strength, among others.

54. Claim 9 recites "[t]he method of claim 8 wherein the unit dose is administered once per day."  Exhibit A, col. 16, lines 13-14.

55. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be marketed to be "administered once per day," consistent with the FDA approved label for Cialis®.  On information and belief, Apotex will market its proposed tadalafil ANDA product for once daily use, consistent with the FDA approved label for Cialis®.

56. Claim 10 recites "[t]he method of claim 5 wherein the unit dose is administered once per day."  Exhibit A, col. 16, lines 13-14.

57. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be marketed to be "administered once per day," consistent with the FDA approved label for Cialis®.  On

information and belief, Apotex will market its proposed tadalafil ANDA product for once daily use, consistent with the FDA approved label for Cialis®.

58. Claim 11 recites "[t]he method of claim 1 wherein the compound is administered as a free drug." Exhibit A, col 16, 15-16.

59. In its Notice Letter, Apotex does not provide any alleged "factual and legal basis" (21 U.S.C. 355(j)(2)(B)(ii)) that its proposed tadalafil ANDA product will not be "administered as a free drug." On information and belief, Apotex's proposed tadalafil ANDA product will contain tadalafil as a free drug.

60. Claim 12 recites "[t]he method of claim 1 wherein the unit dose contains about 20 mg of the compound." In its Notice Letter, Apotex admits that its proposed tadalafil ANDA product will contain tadalafil as an active ingredient in a 20 mg dosage strength, among others.

## COUNT I: INFRINGEMENT OF THE '166 PATENT UNDER 35 U.S.C. § 271(e)(2)(A)

61. Each of the preceding paragraphs 1 to 60 is re-alleged and re-incorporated as if fully set forth herein.

62. Defendant's submission of its tadalafil ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of its proposed tadalafil ANDA product prior to the expiration of the '166 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

63. On information and belief, upon FDA approval of Defendant's tadalafil ANDA, Defendant will infringe at least one claim of the '166 patent by making, using, offering to sell, and selling its proposed tadalafil ANDA product in the United States and/or importing such tablets into the United States in violation of 35 U.S.C. §§ 271(a), 271(b), and/or 271(c) unless enjoined by the Court.

64. If Defendant's marketing and sale of its proposed tadalafil ANDA product prior to expiration of the '166 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand judgment against Defendant and respectfully request that this Court grant the following relief:

A.   A judgment that the claims of the '166 patent are not invalid, not unenforceable, and are infringed by Defendant's submission of its tadalafil ANDA, and that Defendant's making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's proposed tadalafil ANDA product will infringe the '166 patent.

B.   An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Defendant's tadalafil ANDA shall be a date which is not earlier than the latest expiration date of the '166 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

C.   An order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States, Defendant's proposed tadalafil ANDA product until after the latest expiration date of the '166 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

D.   An order that the effective date of any FDA approval of Defendant's generic proposed tadalafil ANDA product shall be no earlier than thirty months from the date of the Notice Letter, in accordance with 21 U.S.C. § 355(j)(5)(B)(iii).

E.  Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated: November 30, 2016                        Respectfully submitted,

 /s/  Yieyie Yang
Laura Masurovsky (VA Bar # 32379)
laura.masurovsky@finnegan.com
Mark J. Feldstein (*pro hac vice* to be filed)
mark.feldstein@finnegan.com
John M. Williamson (*pro hac vice* to be filed)
john.williamson@finnegan.com
Danielle A. Duszczyszyn (*pro hac vice* to be filed)
danielle.duszczyszyn@finnegan.com
Yieyie Yang (VA Bar # 88134)
yieyie.yang@finnegan.com
Emily R. Gabranski (*pro hac vice* to be filed)
emily.gabranski@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Phone: (202) 408-4000
Fax: (202) 408-4400

Charles E. Lipsey (VA Bar # 17251)
charles.lipsey@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675
Phone: (571) 203-2700
Fax: (202) 408-4400

Attorneys for Plaintiffs Eli Lilly and Company and ICOS Corporation